SJL LAW LLP
Julian G. Senior (SBN: 219098)
Jonathan Sniderman (SBN: 327718)
841 Apollo Street, Suite 300
El Segundo, CA 90245
Tel. No.: 424.290.0720
Fax No.: 424.290.0721
julian@sjllegal.com
sniderman@sjllegal.com
Attorneys for Defendant

KIA AMERICA, INC. fka
KIA MOTORS AMERICA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GLORIA CHOI,

Plaintiff,

v.

KIA MOTORS AMERICA, INC., and DOES 1 through 100, inclusive,

Defendants.

Case No.: [Case No.]
'21CV1281 BTM MDD

(Removed from San Diego Superior Court, Case No.: 37-2021-00025893-CU-BC-CTL)

**DECLARATION OF JONATHAN SNIDERMAN IN SUPPORT OF KIA AMERICA, INC.'S NOTICE OF REMOVAL; EXHIBITS 1-3**

**DECLARATION OF JONATHAN SNIDERMAN**

I, Jonathan Sniderman, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the United States District Court for the Southern District of California. I am an attorney at SJL Law LLP, attorneys of record for Kia America, Inc. fka Kia Motors America, Inc. ("KA"). This declaration is offered in support of KA's Notice of Removal to the United States District Court for the Southern District of California under 28 U.S.C. § 1331. I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court,

could and would testify competently thereto. As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2. KA was served with a copy of Plaintiff's Summons and Complaint on June 16, 2021, through its designated agent for service of process, CT Corporation System. It was on that date that KA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. A true and correct copy of Plaintiff's Summons, Civil Case Cover Sheet, Complaint, and the Notice of Case Assignment received by KA is attached hereto as Exhibit 1.

3. KA answered Plaintiff's Complaint on June 14, 2021. A true and correct copy of KA's Answer is attached hereto as Exhibit 2.

4. KA filed a Peremptory Challenge to Judicial Officer on June 15, 2021. A true and correct copy of KA's Peremptory Challenge to Judicial Officer is attached hereto as Exhibit 3.

5. No other proceedings have been had in the state court action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 16th day of July, 2021 at El Segundo, California.

/s/ Jonathan Sniderman
Jonathan Sniderman
Declarant

EXHIBIT 1



# PROCESS SERVER DELIVERY DETAILS

**Date:**           Wed, Jun 16, 2021

**Server Name:**    Jimmy Lizama

| Entity Served | KIA MOTORS OF AMERICA, INC. |
|---|---|
| Case Number | 37-2021-00025893-CU-BC-CTL |
| Jurisdiction | CA |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/14/2021** at 03:08:16 PM
Clerk of the Superior Court
By Melissa Valdez,Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

KIA MOTORS AMERICA, INC. and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

GLORA CHOI

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):*
37-2021-00025893-CU-BC-CTL

San Diego County Superior Court 330 W. Broadway San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christian S Scott (SBN 200218) 9665 Chesapeake Dr., Ste. 305 San Diego, CA 92123 866-712-8120

DATE: *(Fecha)* 06/15/2021 Clerk, by *(Secretario)* M. Valdez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] Superior Court of California County of San Diego

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): Kia Motors of America, Inc.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

For your protection and privacy, please press the Clear

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
06/14/2021 at 03:08:16 PM
Clerk of the Superior Court
By Melissa Valdez, Deputy Clerk

CHRISTIAN S. SCOTT (SBN 200218)
css@scottlawgrouppc.com
SCOTT LAW GROUP P.C.
9665 Chesapeake Dr., Ste. 305
San Diego, CA 92123
Tel/Fax: (866) 712-8120

Attorneys for Plaintiff
GLORIA CHOI

Scott Law Group P.C.
Representing California Consumers

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

GLORIA CHOI,

Plaintiff,

v.

KIA MOTORS AMERICA, INC., and DOES 1 through 100, inclusive,

Defendants.

Case No. 37-2021-00025893-CU-BC-CTL

**COMPLAINT**

DEMAND FOR JURY TRIAL

Complaint Filed:

Dept.:
Judge:
Trial Date: Not Set

Plaintiffs allege as follows:

**PARTIES**

1. As used in this Complaint, the word "Plaintiff shall mean (whether used in the plural or the singular) Plaintiff GLORIA CHOI

2. As used in this Complaint, the word "Defendant" (whether used in the plural or the singular) shall mean Defendants KIA MOTORS AMERICA, INC. and DOES 1 to 100.

Scott Law Group P.C.
Representing California Consumers

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 100. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 100, Plaintiff will amend this Complaint to state their true names and capacities.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

**FIRST CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT KIA MOTORS AMERICA, INC., AND DOES 1 TO 100**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**15 U.S.C. 2310(d) AND CAL. CIV. CODE § 1794**

5. On or about May 20, 2020, Plaintiff leased a 2021 Kia Seltos, VIN kndetca22m70593790 (hereafter "Vehicle") which was manufactured, assembled, distributed, or sold by Defendant. The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, assembling, distributing, selling, or leasing consumer goods at retail.

6. Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

7. During the warranty period, the Vehicle contained or developed various defects, including but not limited to powertrain system malfunction.

8. Pursuant to 15 U.S.C. § 2301 (which defines the implied warranty by borrowing the provisions of Civil Code §§ 1792 and 1791.1) and pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

9. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled, and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

10. During the time period in which the implied warranty was in effect, the Vehicle contained or developed defects stated in paragraph 6, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container label.

11. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

12. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

13. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the

Scott Law Group P.C.
Representing California Consumers

requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SECOND CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT KIA MOTORS AMERICA, INC., AND DOES 1 TO 100**

**BREACH OF THE IMPLIED WARRANTY OF FITNESS**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

14. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

15. Defendant is a manufacturer, assembler, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

16. Pursuant to 15 U.S.C. § 2301 (which defines the implied warranty by borrowing the provisions of Civil Code § 1792.1), and pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

17. On or about May 20, 2020, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

18. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

19. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the

Scott Law Group P.C.
Representing California Consumers

requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**THIRD CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANTS KIA MOTORS AMERICA, INC., AND DOES 1 TO 100**

**SALE OF DEFECTIVE MERCHANDISE WITHOUT DISCLOSING DEFECTS**

**BUS. & PROF. CODE, § 17531; § 17535**

20. On or about May 20, 2020, Defendant advertised, called attention to, or gave publicity to the sale of merchandise, which merchandise was defective in any manner, without conspicuously displaying directly in connection with the name and description of that merchandise and each article, unit, or part thereof, a direct and unequivocal statement, phrase, or word which clearly indicated that the merchandise or each article, unit, or part thereof so advertised was defective, in violation of Business & Professions Code section 17531.

21. The representations were made in a newspaper, magazine, circular, form letter or in an open publication, published, distributed, or circulated in this state, including over the Internet, or any billboard, card, label, or other advertising medium, or by means of another advertising device.

22. Pursuant to Business & Professions Code section 17535, the Court may enjoin Defendant from engaging in any future violations of section 17531, and may make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of the violation of Business & Professions Code section 17531.

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT KIA MOTORS AMERICA, INC., AND DOES 1 TO 100**

**BREACH OF EXPRESS WARRANTY**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

23. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

Scott Law Group P.C.
Representing California Consumers

24. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

25. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and CIVIL CODE § 1794.

26. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

27. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT KIA MOTORS AMERICA, INC., AND DOES 1 TO 100**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**CAL. CIV. § 1793.2(d)**

28. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7, above.

29. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code § 1793.2(d) and 1793.1(a)(2).

Scott Law Group P.C.
Representing California Consumers

Scott Law Group P.C.
Representing California Consumers

30. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to Civil Code § 1794.

31. Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

32. Defendant does not maintain a qualified third-party dispute resolution process which substantially complied with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e).

33. Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code § 1794(f).

**SIXTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT KIA MOTORS AMERICA, INC., AND DOES 1 TO 100**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

34. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

35. Although Plaintiff delivered the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30

days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

36. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to Civil Code § 1794.

37. The provisions of Civil Code § 17893.2(b) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court* (1998) 62 Cal.App.4th 981, 988-89. Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

38. Defendant's failure to comply with its obligations under Civil Code § 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

39. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $25,000.01.

2. For restitution to Plaintiff in the amount of at least $25,001.01.

3. For an order enjoining Defendant from engaging in any act or practice constituting a violation of Business & Professions Code section 17531.

4. For a civil penalty in the amount of two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e).

5. For any consequential and incidental damages.

Scott Law Group P.C.
Representing California Consumers

6. For costs of the suit and Plaintiff's reasonable attorney's fees and costs pursuant to Civil Code § 1794(d) and 15 U.S.C. § 2310(d).

7. For prejudgment interest at the legal rate.

8. And for such other relief as the Court may deem proper.

Dated: June 11, 2021

**SCOTT LAW GROUP P.C.**

By: ______________________

Christian S. Scott
Attorney for Plaintiff
GLORIA CHOI

**Scott Law Group P.C.**
**Representing California Consumers**

Scott Law Group P.C.
Representing California Consumers

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: June 11, 2021

**SCOTT LAW GROUP P.C.**

By: 
Christian S. Scott
Attorney for Plaintiff
GLORIA CHOI

Christian S.Scott (SBN 200218) SCOTT LAW GROUP P.C.
9665 Chesapeake Dr. 305 San Diego, CA 92123

TELEPHONE NO.: 866-712-8120 FAX NO. (Optional): 866-712-8120
ATTORNEY FOR (Name): Gloria Ghoi

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California, County of San Diego
**06/14/2021** at 03:08:16 PM
Clerk of the Superior Court
By Melissa Valdez, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego**
STREET ADDRESS: 330 W. Broadwav
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Dieao 92101
BRANCH NAME: Gloria Choi

CASE NAME:
Gloria Choi v. Kia Motors America, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2021-00025893-CU-BC-CTL |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Katherine Bacal<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 14, 2021
Christian S Scott
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

For your protection and privacy, please press the Clear

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
DIVISION: Central
TELEPHONE NUMBER: (619) 450-7069

PLAINTIFF(S) / PETITIONER(S): Gloria Choi

DEFENDANT(S) / RESPONDENT(S): Kia Motors America Inc

CHOI VS KIA MOTORS AMERICA INC [IMAGED]

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**

CASE NUMBER: 37-2021-00025893-CU-BC-CTL

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Katherine Bacal Department: C-69

**COMPLAINT/PETITION FILED:** 06/14/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/03/2021 | 09:30 am | C-69 | Katherine Bacal |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2021-00025893-CU-BC-CTL CASE TITLE: Choi vs Kia Motors America Inc [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**

- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**

- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): Gloria Choi | |
| DEFENDANT(S): Kia Motors America Inc | |
| SHORT TITLE: CHOI VS KIA MOTORS AMERICA INC [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2021-00025893-CU-BC-CTL |

Judge: Katherine Bacal

Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

Date: ______________________

Date: ______________________

Name of Plaintiff

Name of Defendant

Signature

Signature

Name of Plaintiff's Attorney

Name of Defendant's Attorney

Signature

Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 06/15/2021

JUDGE OF THE SUPERIOR COURT

EXHIBIT 2

SJL LAW LLP
Julian G. Senior (SBN: 219098)
Jonathan Sniderman (SBN: 327718)
841 Apollo Street, Suite 300
El Segundo, CA 90245
Tel. No.: 424.290.0720
Fax No.: 424.290.0721

Attorneys for Defendant
KIA AMERICA, INC. fka KIA MOTORS AMERICA, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/14/2021 at 03:42:00 PM
Clerk of the Superior Court
By Carolina Miranda,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

GLORIA CHOI,

Plaintiff,

v.

KIA MOTORS AMERICA, INC.; and DOES 1 through 100, inclusive,

Defendants.

**CASE NO.: 37-2021-00025893-CU-BC-CTL**

Assigned to: Hon. Katherine Bacal
Department: C-69

**DEFENDANT KIA AMERICA, INC. fka KIA MOTORS AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Action Filed: June 14, 2021
Trial: None

Defendant Kia America, Inc. fka Kia Motors America, Inc. ("KA"), for itself alone and for no other parties, hereby answers Plaintiff's Complaint as follows:

Under the provisions of Code of Civil Procedure, Section 431.30(d), KA denies each and every allegation, both specifically and generally, of each cause of action contained in Plaintiff's Complaint on file herein and the whole thereof and denies that Plaintiff was damaged in any sum or sums, or at all.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against KA.

/ / /

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

2. KA is informed and believes, and on that basis alleges, that Plaintiff is barred from bringing this action by the statutes of limitation contained in Code of Civil Procedure, Sections 337, 338, 339 and 340 and Commercial Code, Section 2725.

**THIRD AFFIRMATIVE DEFENSE**

**(Misuse, Abuse, Unauthorized or Unreasonable Use)**

3. KA is informed and believes, and on that basis alleges, that Plaintiff and/or others misused or abused the subject vehicle or engaged in unauthorized or unreasonable use of the subject vehicle, contrary to KA's approval or consent and Plaintiff's damages, if any, were proximately caused by such abuse and neglect of the vehicle.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Defect - Warranty Exclusion)**

4. KA is informed and believes, and on that basis alleges, that the damages asserted in Plaintiff's Complaint were not the result of any defect in material or workmanship in any vehicle distributed by KA or that the subject vehicle's use, safety or value was impaired. Specifically, KA alleges that after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Maintenance)**

5. KA is informed and believes, and on that basis alleges, that Plaintiff is precluded from recovery by reason of Plaintiff's failure to maintain and service the subject vehicle in conformance with the requirements and recommendations of the owner's manual and/or warranty booklet.

/ / /

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

**(Terms of Limited Warranty)**

6. KA is informed and believes, and on that basis alleges, that by the terms of the limited warranty for the subject vehicle, KA is not liable for incidental or consequential damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Third Party Dispute Resolution Process)**

7. KA is informed and believes, and on that basis alleges, that Plaintiff and/or the owner of the subject vehicle received timely notice of the availability of a third-party dispute resolution process, and that no effort was made to use such process.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Civil Penalty)**

8. KA is informed and believes, and on that basis alleges, that it possesses a qualified third-party dispute resolution process, thereby barring Plaintiff from any civil penalty in this lawsuit.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

9. KA is informed and believes, and on that basis alleges, that Plaintiff is barred in whole or in part under the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Fit for Intended Purpose)**

10. KA is informed and believes, and on that basis alleges, that the subject vehicle remained fit for its intended purpose of providing transportation. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability.

/ / /

/ / /

/ / /

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Representation Beyond Express Warranty)**

11. KA is informed and believes, and on that basis alleges, that it did not represent to Plaintiff that the subject vehicle had characteristics and benefits it did not have and/or that its express warranty conferred or involved remedies or obligations it did not have.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Requisite Repair Attempts)**

12. KA is informed and believes, and on that basis alleges, that the subject vehicle has not been out of service the requisite number of days or subject to repair for the same nonconformity the requisite number of times by KA within eighteen months from delivery to Plaintiff or the accrual of 18,000 miles on the odometer.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Mitigation of Damages)**

13. KA is informed and believes, and on that basis alleges, that Plaintiff has made no efforts to attempt to mitigate any damages or protect the value of the subject vehicle, and as such, any damages awarded would be reduced accordingly.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Alteration of Subject Vehicle)**

14. The subject vehicle was not defective or unmerchantable when it left the possession, custody and control of KA. Any damage was caused by changes and alterations made to the subject vehicle by persons other than KA.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Written Notice)**

15. KA is informed and believes, and on that basis alleges, that Plaintiff is barred from the recovery of a civil penalty by reason of Plaintiff's failure to serve written notice pursuant to Civil Code, Section 1794(e)(3).

/ / /

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Prevention of Performance)**

16. KA is informed and believes, and on that basis alleges, that KA was prevented and/or delayed from performing the obligations alleged in Plaintiff's Complaint by Plaintiff and/or others. Thus, the performance of the obligations or the delay thereof, if any, are excused and/or KA is entitled to all benefits which it would have obtained if performance had been completed.

**SEVENTEETH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

17. KA alleges that it may have additional affirmative defenses available that are not now fully known. KA reserves the right to assert additional affirmative defenses after they have been determined.

WHEREFORE, KA prays as follows:

1. For dismissal of Plaintiff's Complaint with prejudice;
2. For judgment in favor of KA against Plaintiff;
3. For the costs of suit herein; and,
4. For such other and further relief as the Court may deem just and proper.

DATED: July 14, 2021

SJL LAW LLP

By: ______________________

Julian G. Senior
Jonathan Sniderman
Attorneys for Defendant
KIA AMERICA, INC. fka KIA MOTORS AMERICA, INC.

**PROOF OF SERVICE**
**CCP 1013A(3) (Revised 5/1/88)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 841 Apollo Street, Suite 300, El Segundo, CA 90245.

On July 14, 2021, I served the foregoing documents described as **DEFENDANT KIA AMERICA, INC. fka KIA MOTORS AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY MAIL (CCP §1013(a) and §2015.5):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than **1** day after the date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5):** I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

☐ **BY FACSIMILE (CRC 2.306, CCP §2015.5 and CCP §1013(e)):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

☒ **BY ELECTRONIC MAIL (CRC 2.251 and CCP §1010.6(a)):** The document(s), listed *supra*, were served electronically and the transmission was reported as complete and without error to each of the parties at the e-mail address(es) listed below.

Executed on July 14, 2021, at El Segundo, California.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Eleonora Comaschi*
Eleonora Comaschi

**SERVICE/MAILING LIST**

**GLORIA CHOI v. KIA MOTORS AMERICA, INC.**
**San Diego County Superior Court Case No.: 37-2021-00025893-CU-BC-CTL**

| | |
|---|---|
| Christian S. Scott<br>SCOTT LAW GROUP P.C.<br>9665 Chesapeake Dr., Suite 305<br>San Diego, CA 92123<br>Tel. No.: 866.712.8120<br>Fax No.: 866.712.8120<br>Email: css@scottlawgrouppc.com | Attorneys for Plaintiff<br><br>GLORIA CHOI |

EXHIBIT 3

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Julian G. Senior (SBN 219098) / Jonathan Sniderman (SBN 327718)
SJL Law LLP
841 Apollo Street, Ste 300, El Segundo, CA 90245

TELEPHONE NO.: (424) 290-0720 FAX NO.(Optional): (424) 290-0721
EMAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Kia America, Inc. fka Kia Motors America, Inc.

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- ☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101
- ☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
- ☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

PLAINTIFF(S)/PETITIONER(S)
Gloria Choi

DEFENDANT(S)/RESPONDENT(S)
Kia America, Inc. fka Kia Motors America, Inc.

JUDGE
Hon. Katherine Bacal

IN THE MATTER OF

DEPT
C-69

**PEREMPTORY CHALLENGE**

CASE NUMBER
37-2021-00025893-CU-BC-CTL

Jonathan Sniderman, is ☐ a party ☒ an attorney for a party in the above-entitled case and declares that Hon. Katherine Bacal, the judicial officer to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judicial officer.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order reassigning said case to another, and different, judicial officer for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 15, 2021

[signature]
Signature

**ORDER**

☐ GRANTED – The court finds the challenge is timely filed and the party's/attorney's above statement meets the requirements of Code of Civ. Proc. §170.6 (a)(4). The case will be reassigned and a notice will be mailed to the parties and/or counsel.

☐ DENIED

**IT IS SO ORDERED.**

Date: ______________________

______________________
Judge/Commissioner of the Superior Court

Date: ______________________ Case is reassigned to Judge/Commissioner ______________________

**PROOF OF SERVICE**
**CCP 1013A(3) (Revised 5/1/88)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 841 Apollo Street, Suite 300, El Segundo, CA 90245.

On July 15, 2021, I served the foregoing documents described as **DEFENDANT KIA AMERICA, INC. FKA KIA MOTORS AMERICA, INC.'S PEREMPTORY CHALLENGE** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY MAIL (CCP §1013(a) and §2015.5):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than **1** day after the date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY (CCP §1013(c) and §2015.5):** I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

☐ **BY FACSIMILE (CRC 2.306, CCP §2015.5 and CCP §1013(e)):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service list and the transmission(s) reported as complete and without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g) and I printed a record of the transmission(s), a copy of which is attached to the original of this declaration.

☒ **BY ELECTRONIC MAIL (CRC 2.251 and CCP §1010.6(a)):** The document(s), listed *supra*, were served electronically and the transmission was reported as complete and without error to each of the parties at the e-mail address(es) listed below.

Executed on July 15, 2021, at El Segundo, California.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Eleonora Comaschi*
Eleonora Comaschi

**SERVICE/MAILING LIST**

**GLORIA CHOI v. KIA MOTORS AMERICA, INC.**
**San Diego County Superior Court Case No.: 37-2021-00025893-CU-BC-CTL**

| | |
|---|---|
| Christian S. Scott<br>SCOTT LAW GROUP P.C.<br>9665 Chesapeake Dr., Suite 305<br>San Diego, CA 92123<br>Tel. No.: 866.712.8120<br>Fax No.: 866.712.8120<br>Email: css@scottlawgrouppc.com | Attorneys for Plaintiff<br><br>GLORIA CHOI |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**DECLARATION OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 841 Apollo St., Suite 300, El Segundo, CA 90245.

On July 16, 2021, I served the foregoing document described as **DEFENDANT'S DECLARATION OF JONATHAN SNIDERMAN IN SUPPORT OF KIA AMERICA, INC.'S NOTICE OF REMOVAL; EXHIBITS 1-3** on all interested parties in this action as follows:

| | |
|---|---|
| Christian S. Scott | **Attorneys for Plaintiff** |
| SCOTT LAW GROUP P.C. | TEL NO.: 866.712.8120 |
| 9665 Chesapeake Dr., Suite 305 | FAX NO.: 866.712.8120 |
| San Diego, CA 92123 | Email: css@scottlawgrouppc.com |

[ ] (**MAIL**) I served a true copy of the document described above by mail as provided by FRCP 5(b)(2)(C), by placing the document in a sealed envelope with postage thereon fully prepaid in a United Stated Post Office box in California addressed to the parties as set forth above.

[X] (**EMAIL**) I emailed/electronically served the document described above to the email addresses of the parties as set forth above.

[ ] (**CM/ECF**) Pursuant to FRCP 5(b)(2)(E), I sent the document described above to the parties as set forth above by filing the document with CM/ECF.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 16, 2021 at El Segundo, California.

| | |
|---|---|
| Eleonora Comaschi | *Eleonora Comaschi* |
| Print Name | Signature |